UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

**KEISHA ARCHIBALD**, as Parent and Natural Guardian
of **N.A.**[1], and **KEISHA ARCHIBALD**, Individually;

**MAYLENE OTERO**, as Parent and Natural Guardian
of **K.R.**, and **MAYLENE OTERO**, Individually;

**RACHEL ZIMMERMAN**, as Grandparent and Guardian          Civ. Action No.
of **H.W.**, and **RACHEL ZIMMERMAN**, Individually.

                                          Plaintiffs,          **COMPLAINT**

     -against-

**DAVID C. BANKS,** in his official capacity as
Chancellor of the New York City Department
of Education, and the **NEW YORK CITY
DEPARTMENT OF EDUCATION**,

                                   Defendants.
-------------------------------------------------------------------------x

      **PLAINTIFFS**, as Parents and/or Grandparent and Guardians of the respective minor

children, and Individually, as and for their Complaint, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     The Individuals with Disabilities Education Act ("IDEA") offers federal funds to States in

     exchange for a commitment to furnish a free appropriate public education ("FAPE") to all

     children with certain enumerated physical and/or intellectual disabilities. 20 U.S.C.

     §1401(3)(A).

---

[1] Although the full name of the Parent is used in the Complaint herein, pursuant to the Family Educational Rights and
Privacy Act ("FERPA"), 20. U.S.C. § 1232(g) (and 34 C.F.R. Part 99), Plaintiff is using the initials of the Student to
protect the Student's privacy.

2.  As defined in the IDEA, a FAPE consists of special education and related services, i.e., instruction tailored to meet a child's unique needs and supportive services sufficient to allow the child to benefit from the instruction,

3.  An eligible child acquires a substantive right to such an education upon the State's acceptance of federal funds provided through the IDEA.

4.  Under IDEA, an Individualized Education Program ("IEP") is the primary vehicle for providing a child with the promised FAPE.

5.  An IEP is a unique educational program specially designed to meet the specific needs of each child with disabilities, which is created only after carefully considering the child's current levels of achievement, disability, and potential for growth. 20 U.S.C. §§ 1414(d)(1)(A)(i)(I)-(IV), (d)(3)(A)(i)-(iv).

6.  To meet its substantive obligation under the IDEA, a school district must offer an IEP reasonably calculated to enable each qualified student to make progress appropriate in light of the student's circumstances.

7.  A school district fulfills its substantive obligations under the IDEA when it provides an IEP reasonably calculated to enable a child to make some educational progress and advancement from year to year—progress that is appropriate in light of the child's circumstances and is something more than mere trivial advancement.

8.  Each Student-Plaintiff here suffers from a brain injury that adversely affects their educational abilities and performance.

9.  On July 2, 2024, each Plaintiff filed a Due Process Complaint ("DPC") against the New York City Department of Education ("DOE"), alleging, *inter alia,* that the DOE did not offer their respective child a FAPE for the 2024–2025 extended school year.

10. At the time of the filing of their respective DPC's on July 2, 2024, each Plaintiff-Student was attending iBRAIN, which previously been determined, through operation of law, to be each Plaintiff-Student's "last agreed upon placement" and, thus, each Student's "current educational placement", as more fully set forth *infra.*

11. As each Plaintiff-Student's "current educational placement", Plaintiffs are entitled to continued funding of iBRAIN tuition and related costs, until such time as there is a change in placement, either by agreement between the parties, or by operation of law, neither event of which has occurred.

12. From and after July 2, 2024, the date of filing of their DPCs regarding the 2024-25 school year, and for the duration of the administrative proceedings and appeals, iBRAIN continues to be each Plaintiff-Student's "current educational placement" and, further, constitutes each Plaintiff-Student's pendency placement.[2]

13. Here, each Plaintiff has obtained a "pendency order" for the 2024-25 school year, as more fully set forth *infra.*

14. Thus, DOE's obligation to fund iBRAIN tuition and related services, both as each Plaintiff-Student's "current educational placement" and as each Plaintiff-Student's "pendency placement", continues, unabated.

15. For each Plaintiff, the DOE has failed to fully comply with its funding obligations, and **outstanding** tuition balances remain unpaid for the years 2021-2022, 2022-2023, 2023-2024, as follows, and as set forth in attached **Exhibit 1**[3]:

---

[2] iBRAIN is irrefutably each Student's "current educational placement" and pendency cannot be disputed in good faith.  Yet, DOE continues to do so, either explicitly, or implicitly through its failure to fund, thus, requiring Plaintiffs to seek pendency orders and, ultimately, judicial intervention with the sole intention of obtaining the funding to which each Plaintiff is entitled, as a matter of law.

[3] In this action, Plaintiffs are not seeking enforcement of prior years' administrative orders, but are providing this information to the Court to demonstrate that the issuance of pendency orders does NOT moot any of these Plaintiffs'

| Student | 2021-2022 | 2022-2023 | 2023-2024 |
|---------|-----------|-----------|-----------|
| N.A. | $0 | $ 79,370.00 | $ 265,960.00 |
| K.R. | $0 | $0 | $167,750.00 |
| H.W. | $157,392.00 | $221,508.00 | $111,180.00 |

16.   In keeping with its pattern and practice of failing to timely fund each Plaintiff-Student's "current educational" and "pendency" placements at iBRAIN in prior years, the DOE has failed to fund each Plaintiff-Student's continued "current educational" and "pendency" placements at iBRAIN for the 2024-2025 school year, as set forth below and in attached **Exhibit 2**:

| Student. | Tuition. | Transportation | Nursing |
|----------|----------|----------------|---------|
| N.A. | $328,159.60 | $127,333.00 | $303.280.00 |
| K.R. | $343,100.60 | $191,111.00 | $333.608.00 |
| H.W. | $349,077.00 | $127,333.00 | N/A |

17**.**   DOE's failure to fund each Plaintiff-Student's current educational and pendency placements, as required pursuant to the IDEA, is a clear, ongoing violation of law and constitutes an actual, ripe controversy.

18.   DOE's policy and practice of failing and refusing to timely and fully fund each of these Plaintiff-Students' "agreed upon" placements at iBRAIN for prior school years as well as for the current 2024-25 school year, as set forth *infra* and in Exhibits 1 and 2*,* is a strong indicator that DOE will continue to do so in future years.

---

claims, as Defendant DOE will most likely continue its practice of non-compliance absent an enforceable order of this Honorable Court.

19.  DOE's policy and practice of refusing to comply with several years of lawful orders requiring it to fund each Plaintiff-Student's "current educational" and "pendency" placements including tuition, transportation, and nursing, manifests its deliberate indifference to the rights and well-being of these Students, and deprives them of their statutory entitlements and protections under the IDEA, its implementing regulations, and New York State Education law.

20.  The IDEA lacks an enforcement mechanism within the administrative process, which deprives administrative officers, including Impartial Hearing Officers ("IHOs") and State Review Officers ("SROs"), of the authority to enforce their own orders.

21.  Consequently, Plaintiffs recourse is to seek relief through the Federal Court, and through a 42 U.S.C. § 1983 action, seek to compel the DOE to comply with the existing orders entered on behalf of each Plaintiff, as more fully set forth *infra*.

22.  Under 42 U.S.C. § 1983, individuals may seek redress for the violation of their federal rights, including rights under the IDEA.

23.  The DOE's failure to implement the administrative orders constitutes a violation of each Student-Plaintiff's right to a FAPE as guaranteed by the IDEA.

24.  The DOE's ongoing failure to timely meet its legal obligations under the IDEA jeopardizes the Plaintiffs' rights, placing these vulnerable students at risk of losing their educational program/placement.

25.  Each Plaintiff requests an order confirming iBRAIN as each Student's pendency program/placement during the administrative and/or judicial proceedings relative to their DPC for the 2024–2025 extended school year, and to fully and timely fund each Plaintiff-Student's

pendency placement, until there is a change in placement, either through agreement or by operation of law, *i.e.*, a final order determining that iBRAIN is no longer the Student's "current educational placement".

26. Since pendency has the effect of an automatic injunction, Plaintiffs need not meet the traditional requirements for injunctive relief, such as the likelihood of success on the merits, irreparable harm, or a balancing of the hardships to obtain pendency relief.

## JURISDICTION AND VENUE

27. This case arises under a federal statute, the IDEA (20 U.S.C. § 1400 *et seq.*), and the regulations of the United States Department of Education, which were promulgated under authority granted by statute. 34 C.F.R. Part 300.

28. The Court has subject-matter jurisdiction of this matter under 28 U.S.C. § 1331, in that claims arise under federal law, IDEA, 28 U.S.C. § 1343(a), and laws providing for the protection of civil rights under 42 U.S.C. § 1983.

29. Inasmuch as this case involves questions involving special education rights under New York State Law, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

30. The Court may grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, implemented through Fed. R. Civ. P. 57.

31. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York, in that Defendants DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education and the NEW YORK CITY DEPARTMENT OF EDUCATION (collectively "DOE") maintain a business office in New York County.

32. Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(j) if found to be prevailing parties.

## THE PARTIES

33.  Plaintiffs are the Parents and Natural Guardians of their respective minor children.

34.  Plaintiffs and their children lived in the City of New York at all relevant times herein.

35.  At all relevant times herein, Defendant DAVID C. BANKS was and is the Chancellor of the New York City Department of Education and is being sued in his official capacity as Chancellor.

36.  At all relevant times herein, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is, and was, a corporate body created by Article 52 of the New York State Education Law, CLS N.Y. Educ. Law § 2550 (McKinney) *et seq*., that manages and controls the educational affairs of the New York City public schools and is required to do so in compliance with state and federal laws and regulations not in conflict with their underlying statutory authority.

37.  Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is the Local Education Agency ("LEA"), defined in 20 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing each Student with a disability FAPE.

38.  Defendants receive federal funds for their commitment to furnish a FAPE to all children with any of the enumerated physical and/or intellectual disabilities. 20 U.S.C. § 1401(3)(A).

39.  DOE's principal place of business is located at 52 Chambers Street, in the County and State of New York.

40.  DOE's Impartial Hearing Order Implementation Unit (IHOIU) is located at 65 Court Street, Room 1503, Brooklyn, New York 11201.

## FACTUAL ALLEGATIONS

## KEISHA ARCHIBALD AS THE PARENT AND NATURAL GUARDIAN OF N.A.

41.  Keisha Archibald is the Parent and Natural Guardian of N.A.

42.  N.A. is a minor.

43.  N.A. is a nine-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

44.  Plaintiff  KEISHA ARCHIBALD and N.A. lived in the City of New York at all relevant times here.

45.  N.A. is entitled to receive a FAPE and related services from DOE.

46.  Since N.A. is a student with a disability, the DOE must provide her with a FAPE under IDEA and New York Education Law.

47.  DOE must continue to provide N.A. with an IEP every year so long as N.A. remains qualified under the IDEA.

## 2021-2022 SCHOOL YEAR  -  IHO CASE NO. 224338

48.  N.A. began attending iBRAIN in November 2021, at the age of six years.

49.  On February 7, 2022, Plaintiff Archibald filed a DPC against Defendant DOE, which was assigned IHO Case. No. 224338.

50.  On May 28, 2022, IHO Gewirtz issued her order finding that the DOE had failed to offer her a FAPE for the 2021-2022 school year, that iBRAIN was an appropriate placement and that equities favored the Parent; and requiring, *inter alia,* that the New York City Department of Education "directly fund the cost of the Student's 2021-2022 school year placement at the IBrain including tuition, related services and transportation to be paid within 45 days of proof of invoices."

## 2022-2023 SCHOOL YEAR  -- IHO CASE NO. 228692

51.  On July 6, 2022, Plaintiff Archibald filed a DPC against Defendant DOE for failing to provide or offer N.A. a FAPE for the 2022-2023 school year.

52. On October 19, 2022, IHO Rahman issued his Findings of Fact and Decision (FOFD), finding, once again, that:

> DOE had failed to prove that the Student was provided a FAPE for the 2022-2023 school year. I also find that the Petitioner established that the Student was unilaterally placed in appropriate educational programs.
>
> Accordingly, the DOE is ordered to
> a) directly fund the Private School the amount of $ $175,000 for base tuition (see Petr's Ex. D at 1),
> b) directly fund the Private School $101,908.80 in supplemental tuition to cover related services (see id.),
> c) and to pay the Transportation Company in accordance with the rate described on the contract shown in Petitioner's Exhibit F."

*October 19, 2024 FOFD, Case No. 228692.*

## 2023-2024 SCHOOL YEAR - IHO CASE NO. 250848

53. On July 5, 2023, Plaintiff Archibald filed a DPC against Defendant DOE for failing to provide or offer N.A. a FAPE for the 2023-2024 school year.

54. On December 11, 2023, in Case No., 250848, the IHO found that DOE had offered N.A. a FAPE for the 2023-2024 school year; that iBRAIN was an appropriate placement, but dismissed the parents request for direct funding of N.A.'s placement at iBRAIN

55. On January 22, 2024, Plaintiff Archibald filed and served its request for review to the State Review Office; DOE filed and served its cross-appeal.

56. On April 3, 2024, the SRO rendered Decision 24-028, ordering:

   (a)    that the IHO's decision, dated December 11, 2023, is modified by reversing that portion which found that the district provided the student with a FAPE for the 2023 24 school year;

   (b)    that the district shall directly fund 50% of the cost of the student's base tuition at iBrain for the 2023-24 school year in the amount of $95,000; and

   (c)    that the district shall directly fund 50% of the cost of the student's transportation services to and from iBrain for the 2023-24 school year in the amount of $55,590.

56. A copy of the SRO Decision 24-028 is attached hereto as **Exhibit 3.**

57. SRO Decision 24-028 is currently on appeal before Honorable Lewis J. Liman in *Archibald v. Banks et al.* (24-cv-05919).

58. In *Archibald v. Banks et al.* (24-cv-05919), Plaintiffs are seeking a modification of SRO Decision 24-028 issued on April 3, 2024, to the extent that it reduced the award for tuition and transportation services to the Plaintiff and denied the Plaintiff funding for related services sought as supplemental tuition and for nursing services.

## 2024–2025 SCHOOL YEAR  -  IHO CASE NO. 277153

59. For the 2024–25 school year, Plaintiff KEISHA ARCHIBALD filed a DPC, asserting, *inter alia*, that the DOE failed to provide N.A. with a FAPE.

60. On September 12, 2024, IHO Nicholas Bancroft issued a pendency order in IHO Case No. 277153 finding that the SRO 24-028 continued to establish iBRAIN as N.A.'s pendency placement, and ordered DOE to fully fund tuition, transportation, nursing services, and paraprofessional for N.A. for the duration of the 2024-25 proceedings.[4]

61. A copy of the September 12, 2024 pendency order issued by IHO Bancroft is attached as **Exhibit 4.**

62. DOE acknowledged N.A. pendency at iBRAIN, yet has failed to provide any funding for the 2024-25 school year which commenced July 2, 2024 and has failed to fulfill its funding obligations for prior years.

63. The Pendency Order specifies that N.A.'s pendency program includes full tuition, transportation and nursing services at iBRAIN for the twelve-month 2024–2025 school year.

---

[4] The DOE was given an opportunity to respond and agreed pendency lies in the SRO decision 24-028. The District argued for a 50% reduction in the amount charged for services pursuant to the SRO's equities determination; however, the IHO held that equitable issues do not carry over into subsequent school years and are year specific and, thus, Parent was entitled to payment of full tuition, transportation, etc. (See, Exhibit 4).

64. Notwithstanding the September 12, 2024, Pendency Order, to date, the Defendants have failed to fund any portion of N.A.'s "current educational" or "pendency" placement at iBRAIN.

65. It is respectfully submitted that, without this Court's clear directive, DOE will continue its dilatory practice of withholding funding, thereby threatening, not only the ability of N.A. to remain at iBRAIN, but the continued existence of iBRAIN as a viable placement option for its severely disabled students.

### **MAYLENE OTERO AS THE PARENT AND NATURAL GUARDIAN OF K.R.**

66. K.R. is a minor.

67. K.R. is a seventeen-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

68. At all relevant times here, Plaintiff MAYLENE OTERO and K.R. lived in the City of New York.

69. K.R. is entitled to receive a FAPE and related services from DOE.

70. Since K.R. is a student with a disability, DOE must provide him with a FAPE under IDEA and the New York Education Law.

71. DOE must provide K.R. with an IEP every year, so long as K.R. remains qualified under the IDEA.

### **2020-2021 SCHOOL YEAR – IHO CASE NO 205442**

72. On December 31, 2020, Plaintiff Otero filed a DPC against DOE for school years 2017-2018 through and including 2020-2021, under IHO Case No. 205442 which was consolidated with IHO Case No. 205442.

73. On November 30, 2021, IHO Peyser issued her FOFD, finding that the DOE had denied Student a FAPE and ordered that the following relief be granted to Parent:

Tuition funding for the placement of Student at the private program from October 2020 through the 2021/22 school year to include provision of special transportation and related services. District shall provide Student with evaluations for vision services and assistive technology within 60 days of the date of this Decision.

## 2023-2024 SCHOOL YEAR – IHO CASE NO. 283585

74.    On July 5, 2023, the Parent filed a DPC against DOE for, once again, having failed to provide K.R. with a FAPE for the 2023-24 school year.

75. On November 29, 2023, IHO Rodriguez issued a Pendency Order, pending resolution by an impartial hearing or settlement, and retroactive to the date of the impartial hearing request (original filing date of July 5, 2023) and applicable to the 2023 to 2024 school year, holding as follows:

> [T]he Department of Education shall continue to provide the Student with special education and related services as mandated by the FOFD dated 11/30/21 (case #205442), which constitutes the last agreed-upon program.
>
> In addition, the Student shall continue to receive transportation services as indicated in the Transportation Agreement dated 7/10/23 (Exhibit C) for the 2023-2024 school year.

## 2024-2025 SCHOOL YEAR—IHO CASE NO. 277052

76.    For the 2024-25 school year, Plaintiff MAYLENE OTERO filed a DPC asserting, *inter alia,* that the DOE failed in its obligations to provide K.R. with a FAPE.

77.    K.R.'s pendency rights begin upon filing of the due process complaint which, here, occurred on July 2, 2024.

78.    Plaintiff's due process complaint contained a request for acknowledgement of pendency, to which DOE failed to respond.

79. On July 2, 2024, Plaintiff through counsel submitted to DOE the "Pendency Implementation Form" setting forth the basis for pendency being the "Unappealed FOFD IHO Case No. 205442", which order was dated November 20, to which DOE again failed to respond.

80.  On August 8, 2024, in an attempt to facilitate pendency payments, plaintiff's counsel submitted to DOE's Implementation Unit all documents proving K.R.'s attendance at iBRAIN.

81. A copy of the email correspondence with the DOE's Implementation Unit is attached hereto as **Exhibit 5.**

82. From August 8, 2024, to the present date, DOE has not responded to inform plaintiff whether it accepted the documents, whether it wanted additional documents, or if and when pendency payment would be made.

83. On September 3, 2024, IHO Jaime Kotchek issued an FOFD in IHO Case No. 277052, finding that DOE failed to offer K.R.  a FAPE for the 2024–25 school year, that iBRAIN was an appropriate placement for K.R.; and that the equities supported full reimbursement.

84. Specifically, IHO Kotchek held, in relevant part, that:

> Parents' claim for funding for Student's unilateral placement at the Private School is GRANTED for the 2024-2025 school year as follows:
>
> 1. The District shall pay directly to Private School, tuition, up to a total of $343,100.60, within 30 days of submission of a signed, notarized bill encompassing tuition costs owed by the Parent to the Private School for the Student's attendance at the Private School for the extended 2024 2025 school year;
>
> 2. The District shall pay directly to the Transportation Company, up to a total of $191,111.00, within 30 days of submission of a signed, notarized bill encompassing costs owed by the Parent to the Transportation Company for the Student's use of transportation service to and from Private School for the extended 2024-2025 school year, together with an affidavit and invoices documenting that the Student uses the service and dates of service;

3. The District shall pay directly to the Nurse Company, up to a total of $333,608, within 30 days of submission of a signed, notarized bill encompassing costs owed by the Parent to the Nurse Company for the Student's individual, full-time nurse during transportation to and from Private School, and Student's attendance at Private School, for the extended 2024-2025 school year, together with an affidavit and invoices documenting that the Student uses the service and dates of service.

85. A copy of the September 3, 2024 FOFD issued in IHO Case No. 277052 is attached hereto as **Exhibit 6.**

86. Notwithstanding its obligation to fund K.R.'s attendance at iBRAIN, so long as it remains her "current educational placement", DOE has blatantly refused to comply with the lawful orders requiring it to do so. For the 2023-24 school year, DOE still has outstanding a balance of $167,750.00. *See*, **Complaint Para. 15; Exhibit 1**.

87. As a result of the IHO's order dated September 13, 2024, DOE is now additionally required to fund iBRAIN as K.R.'s current educational placement for the 2024-25 school year.

88. Based upon DOE's pattern and practice of withholding funding of iBRAIN (*See*, **Exhibits 1- 2** *supra*), Plaintiff has a good faith belief that DOE will continue in its practices of failing and refusing to meet its lawful obligations to K.R., to her detriment, leaving Plaintiff no recourse other than to seek this Court's intervention.

## **RACHEL ZIMMERMAN AS GRANDPARENT AND GUARDIAN OF H.W.**

89. RACHEL ZIMMERMAN is the Grandparent and Guardian of H.W.

90. H.W. is a minor.

91. H.W. is a fifteen-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

92. H.W. is entitled to receive FAPE and related services from DOE.

93. At all relevant times, Plaintiff RACHEL ZIMMERMAN and H.W. lived in the City of New York.

94.    H.W. is entitled to receive a FAPE and related services from DOE.

95.    Since H.W. is a student with a disability, DOE must provide her with a FAPE under IDEA and the New York Education Law.

96.    DOE must provide H.W. with an IEP every year so long as H.W. remains qualified under the IDEA.

## 2023-2024 SCHOOL YEAR – IHO CASE NO. 250918

97.    For the 2023-2024 school year, on July 5, 2024, Plaintiff Rachel Zimmerman filed a DPC asserting, *inter alia*, that the DOE failed to provide H.W. with a FAPE.

98.    IHO Hashim Rahman was appointed to adjudicate the DPC relative to the 2023-2024 school year on July 11, 2023.

99.    IHO Rahman issued a FOFD on February 19, 2024.

100.    In his FOFD, IHO Rahman found:

   [T]hat DOE failed to provide the Student with a FAPE for the 2023-2024 school year. As such, the DOE is directed to forthwith pay the Private School the amount $301,312. The DOE is also directed to forthwith pay the Transportation Company the amount of $111,180. (*See id.*) Any other relief requested is denied.

101.    A copy of the FOFD issued under IHO Case No. 250918 is attached hereto at **Exhibit 7.**

102.    DOE filed a verified request for review ("RFR") to the Office of State Review ("OSR") on March 29, 2024.

103.    DOE argued in their RFR that the Plaintiff failed to meet their prong II burden that iBRAIN offered specially designed instruction to H.W.

104.    DOE argued that the IHO erred by finding that the equities favor the Plaintiff.

105. State Review Officer ("SRO") Justyn P. Bates issued SRO Decision 24-107 on May 20, 2024.

106. SRO Bates Ordered the following:

"**IT IS ORDERED** that the IHO's decision, dated February 19, 2024, is modified by reversing that portion which awarded the parent the full costs of the student's supplemental tuition fees for the costs of student's related services at iBrain; and,

**IT IS ORDERED** that, upon receipt of proof of services delivered to the student with documentation regarding what services were delivered while the student slept, what services were missed because the student was sleeping, the district shall reimbursement the parent for the costs of the student's base and supplemental tuition except that the district shall not be required to fund any speech-language therapy or music therapy services delivered to the student while sleeping, services missed because the student was sleeping, or services provided to make up for services missed because the student sleeping."

107. SRO Bates found no reason to disturb the IHO's order directing the district to fully reimburse the parent for the costs of the student's base tuition and **transportation** costs, and the district's arguments are dismissed.

108. A copy of the SRO Decision 24-107 issued under IHO Case No. 250918 is attached hereto at **Exhibit 8.**

109. To date, the Defendant have not funded H.W.'s special transportation services under IHO Case No. 250918.

110. To date, there is an outstanding balance of $111,180.00 as it pertains to special transportation services for H.W.. during the 2023-2024 school year.

## 2024-2025 SCHOOL YEAR – IHO CASE NO. 277288

111. For the 2024–2025 school year, on July 2, 2024, Plaintiff Rachel Zimmerman filed a DPC, asserting, *inter alia*, that the DOE failed to provide H.W. with a FAPE.

112.  On September 13, 2024, IHO Daniel M. Hochbaum issued both a pendency order and FOFD

on the merits of Plaintiff Zimmerman's DPC, as follows:

## PENDENCY ORDER

Based upon the above, it is hereby ordered:

1. Beginning on the first day of the 2024-2025 school year and continuing until the conclusion of these proceedings, the DOE shall fund the Student's tuition to the Private School.

2. Beginning on the first day of the 2024-2025 school year and continuing until the conclusion of these proceedings, the DOE shall fund door-to-door roundtrip transportation for the Student to and from the Private School.

## ORDER

## Hearing Officer's Findings of Fact and Decision Case No. 277288

Based upon the above Findings of Fact and Conclusions of Law, it is hereby ordered:

1. The DOE shall, within **10 days of this Order**, assign an individual from its Impartial Hearing Order Implementation Unit ("IHOIU") to serve as a contact person for the Parents regarding the implementation of this Order. The IHOIU contact person shall provide their name, direct phone number, and email address to the Parents and the Parents' attorney within 10 days of the date of this Order. The contact person shall respond to any inquiry by the Parents (or their attorney) concerning the implementation of this Order within 2 business days.

2. The DOE shall fully fund the Student's tuition to the Private School for the 2024-2025 school year in the amount of $349,077.00. The DOE shall issue the payment in the amount of $349,077.00 directly to the Private School **within 35 days of the date of this Order.**

3. The DOE shall fully fund the cost of the Student's 1:1 nurse if not included in the tuition in 2, above.

4. The DOE shall fully fund the cost of the Student's transportation for 2024-2025 school year as outlined in Exhibit F.

5. The DOE shall fully fund a neuropsychological evaluation of the Student by a licensed provider of the Parents' choosing.

SO ORDERED.

113.   A copy of the September 13, 2024 pendency order and FOFD is attached as **Exhibit 9.**

114.   DOE acknowledged H.W. pendency at iBRAIN, yet has failed to provide any funding for the 2024-25 school year which commenced July 2, 2024 and has failed to fulfill its funding obligations for prior years.

115.   The FOFD, as well SRO 24-107, specifies that H.W.'s pendency program includes full tuition, transportation and nursing services at iBRAIN for the twelve-month 2024–2025 school year.

116.   Notwithstanding the September 13, 2024, Pendency Order and FOFD, to date, the Defendants have failed to fund any portion of N.A.'s "current educational" or "pendency" placement at iBRAIN.

117.   It is respectfully submitted that, without this Court's clear directive, DOE will continue its dilatory practice of withholding funding, thereby threatening, not only the ability of H.W. to remain at iBRAIN, but the continued existence of iBRAIN as a viable placement option for its severely disabled students.

## DOE'S ONGOING SYSTEMIC VIOLATIONS INCLUDE FAILURE TO IDENTIFY AND IMPLEMENT PENDENCY PLACEMENTS

118.   DOE has no policies or procedures in place to ensure timely implementation of stay-put rights upon the filing of a DPC.

119.   The DOE engages in spurious and dilatory tactics when it comes to its obligation to fund pendency programs and placements, often assuring parents and counsel that it is "processing payments" and will disburse them in their "due course".

120.   DOE refuses to explain what its "due course" is when it comes to processing pendency payments.

121. Each Plaintiff reserves the right to move for reasonable attorneys' fees as the prevailing party in the underlying administrative proceedings, as well as here, as this litigation is necessary because of Defendants' continued refusal to acknowledge and timely fund pendency orders or to accept iBRAIN as students' current educational placements. in blatant violation of the mandates of the IDEA.

## JOINDER AND SEVERANCE

122. Each Plaintiff's claim arises from the same transaction, occurrence, series of transactions, and occurrences, and they have common questions of law and fact.

123. Plaintiffs are properly joined under Fed. R. Civ. P. 20 (a)(1).

124. Joining all Plaintiffs here creates a manageable group of Plaintiffs.

125. Joining all Plaintiffs here reduces unnecessary litigation, and delays, and avoids overburdening a single Judge and their resources.

126. If more than one action before the court involves a common question of law or fact, the court may consolidate the actions. Fed. R. Civ. P. 42(a)(2).

127. A district court should consider equity and judicial economy when assessing whether consolidation or joinder is appropriate in given circumstances.[5]

## AS AND FOR THE FIRST CAUSE OF ACTION

128. Plaintiffs repeat, reallege, and reaffirm each allegation set forth above as if set forth more fully herein.

---

[5] *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

129. An action that alleges a violation of the pendency provision falls under an exception to IDEA's requirement for the exhaustion of administrative remedies before filing suit in federal court.

130. Pendency provides stability and consistency in the education of students with a disability and prevents schools from unilaterally making decisions that would otherwise exclude disabled students from school, as was the practice before the enactment of the IDEA.

131. A student's last agreed-upon placement—a final, unappealed administrative order—establishes a student's current educational placement for pendency.

132. Defendants have denied each Plaintiff's right to a FAPE under IDEA.

133. Defendants have denied Plaintiffs' right to their stay-put placement.

134. Defendants have violated the IDEA by implementing broad and indiscriminate policies, practices, and procedures, as well as policies, practices, and procedures contrary to the Act.

135. Defendants have violated Plaintiffs' procedural and due-process rights under the IDEA.

136. Defendants violated Plaintiffs' rights under 42 U.S.C. § 1983 by failing to have adequate policies, procedures, protocols, and training to ensure that the long-standing provisions of the IDEA and New York State special education laws are being implemented.

137. Defendants have violated the rights of Plaintiffs under N.Y. Educ. Law § 3202, 3203, 4401, 4404 and 4410 and § 200 (McKinney) of the Regulations of the New York State Commissioner of Education, 8 N.Y. COMP. CODES R. REGS. § 200.

138. Each Student-Plaintiff here currently attends iBRAIN and has a final administrative order establishing iBRAIN as their pendency placement for the 2024–2025 school year.

139.  Plaintiffs are asking the Court to order the DOE to fulfill its obligations under federal and State law—to maintain the student's status-quo educational placement through timely funding of tuition and related services during the due process proceedings for each student.


### AS AND FOR THE SECOND CAUSE OF ACTION

140.  Plaintiffs repeat, reallege, and reaffirm each allegation set forth above as if set forth more fully herein.

141.  As the Local Education Agency, Defendants are legally responsible for ensuring compliance with the IDEA within New York City.

142.  The Defendants have denied, and are denying, the rights of the Plaintiffs and their disabled Students by failing to implement Plaintiffs' Pendency Orders, as required under the IDEA.

143.  The Defendants failed to properly and timely fund the Pendency placements/programs for the 2024-2025 school year.

144.  Defendants have established ineffective policies and procedures for identifying, implementing, and funding special education students' Pendency placements and programs and then failed to abide by their own policies and procedures.

145.  The Defendants have violated Plaintiffs' rights under 20 U.S.C. § 1415 and 34 C.F.R. § 300.515(a) and deprived Plaintiffs of a free appropriate public education under 20 U.S.C. § 1400 et seq. and New York State's Education Law.

146.  The Plaintiffs' rights under the IDEA are enforceable under 42 U.S.C. § 1983, as the Defendants have acted under color of state law, as well as under 20 U.S.C. § 1415 and the Court's equitable powers.

147.    The Defendants have acted with deliberate indifference in engaging in the policies, practices, and customs that have led to these violations, despite clear notice that their policies, practices, and customs have caused the violations, and without correcting the policies, practices, and customs. These policies, practices, and customs constitute the Defendants' de facto unlawful, illegal and improper policy.

148.    As a result of these violations, Plaintiffs are entitled to injunctive and declaratory relief, the nominal relief requested herein, other equitable relief from the Court, and costs and attorneys' fees.

## AS AND FORTH THE THIRD CAUSE OF ACTION

149.    Plaintiffs repeat, reallege, and reaffirm each allegation set forth above as if set forth more fully herein.

150.    Defendants are legally responsible for ensuring compliance with the New York Education Law, as well as the IDEA, within New York City.

151.    The Defendants have denied, and are denying, the rights of the Plaintiffs and their disabled Students, by failing to implement Plaintiffs' valid Pendency, automatically and as required under the IDEA and New York Education Law, and to properly fund the same for the 2024-2025 school year.

152.    Defendants have failed to fund the Pendency placements/programs for the Plaintiffs in a timely and comprehensive manner.

153.    Defendants have failed to establish ineffective policies for identifying, implementing, and funding special education students' Pendency placements/programs and have consistently failed to follow proper policies and procedures.

154. Defendants have violated Plaintiffs' rights under N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(5) and have deprived Plaintiffs of a FAPE under the New York Education Law and the IDEA.

155. The Plaintiffs' rights under the New York Education Law are enforceable under N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(k)(3), and the IDEA, as well as under the Court's equitable powers.

156. As a result of these violations, Plaintiffs are entitled to injunctive and declaratory relief, the nominal relief requested herein, other equitable relief from the Court, and costs and attorneys' fees.

## AS AND FOR THE FOURTH CAUSE OF ACTION

157. Plaintiffs repeat, reallege, and reaffirm each allegation set forth above as if set forth more fully herein.

158. The Fourteenth Amendment prohibits the deprivation of Plaintiffs' Students' right to an education, which is implicit in the concept of ordered liberty, and mandated by the New York State Constitution.

159. Defendants' failure to ensure the Plaintiffs' Students' Pendency placements and programs for the 2024-2025 school year have been implemented and funded has denied Plaintiffs' Students their rights to a FAPE. In so doing, Defendants have violated the Due Process Clause of the Fourteenth Amendment.

160. Defendants have been on notice of systemic unlawful delays and failures in implementing Pendency placements and programs and have acted with deliberate indifference

161. Defendants' failure to implement Plaintiffs' Pendency programs has caused discrimination against the Plaintiffs' Students by denying them access to a FAPE.

162. Defendants have acted under color of law, and their actions, policies, and procedures lack sufficient objective standards to remedy their violations, allowing for *ad hoc*, arbitrary, and discriminatory implementation of Plaintiffs' Pendency placements.

163. As a result of these violations, Plaintiffs are entitled to injunctive and declaratory relief, other equitable relief from the Court, and costs and attorneys' fees.

## AS AND FOR THE FIFTH CAUSE OF ACTION

164. The Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

165. Plaintiffs Fifth Cause of Action is brought under 42 U.S.C. § 1983 as the Defendants, acting under color of law, deprived the Plaintiff and the Plaintiff's disabled Student, of their Constitutional and/or otherwise substantial rights, created by, and/or otherwise recognized in, the IDEA and other state and federal laws, statutes, regulations and the like and/or otherwise violated said rights as set forth herein.

166. Defendants, acting under color of law, violated the rights of the Plaintiffs, and the Plaintiffs' disabled Students, as protected under Section 1983, in that the Defendants:

    a. adopted inappropriate policies and procedures pertaining to implementing final administrative orders issued in proceedings brought under the IDEA and applicable state law;

    b. failed to abide by existing policies and procedures pertaining to implementing final administrative orders issued in proceedings brought under the IDEA and applicable state law;

    c. engaged in a widespread practice that constituted custom or usage pertaining to implementing final administrative orders issued in proceedings brought under the IDEA and applicable state law;

d. failed to supervise and/or train their employees to such an extent that it amounts to deliberate indifference to the rights of those who interact with such employees pertaining to implementing final administrative orders issued in proceedings brought under the IDEA and applicable state law; and

e. failed to adopt and implement appropriate policies and procedures and/or to adhere to existing policies pertaining to implementing final administrative orders issued in proceedings brought under the IDEA and applicable state law.

167. Defendants' failure and/or refusal to implement and/or comply with the IHO FOFD issued in proceedings brought under the IDEA for the 2023-2024 school year under IHO Case No. 250918 as detailed above deprived, and continues to deprive, the Plaintiff and the Plaintiff's disabled Student, of their rights under the IDEA, and the regulations promulgated under it, as well as N.Y. Educ. Law § 4404 and §4410 (McKinney), in violation of 42 U.S.C. § 1983.

168. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and the Plaintiff's disabled Students have experienced a loss of federally guaranteed rights.

## AS AND FOR THE SIXTH CAUSE OF ACTION

169. The Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

170. In any action of proceeding brought under the IDEA, a court may award reasonable attorneys' fees as part of the costs to the "prevailing party" who is the Parent of the child with a disability. (20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i)).

171. Plaintiff Rachel Zimmerman under IHO Case No. 250918 is the prevailing party in her respective underlying administrative action brought under the IDEA.

172. Rachel Zimmerman in this action is the Grandparent of a child with a disability who prevailed in their respective action/proceeding brought against DOE under the IDEA.

173. Rachel Zimmerman was at all times referenced herein, represented by the Brain Injury Rights Group, Ltd. a/k/a Liberty and Freedom Legal Group, Ltd., a non-profit law firm experienced in, inter alia, representing students with disabilities and their families in administrative and judicial proceedings brought under the IDEA.

174. The Plaintiff, as the prevailing party in her respective Administrative Proceeding brought under the IDEA, most respectfully seek an award of reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(I).

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Enter a Declaratory Judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, finding that each Plaintiff-Student is entitled to an order declaring their pendency program/placement to be at iBRAIN throughout the administrative and judicial proceedings relative to their Due Process Complaints ("DPCs") for the 2024–2025 school year. This declaration should include full funding of tuition at iBRAIN, along with all related services, including but not limited to transportation and nursing, where appropriate, during the 2024–2025 school year.

2. Issue an Injunction ordering Defendants to:

   a. Comply with the IDEA's Pendency Provision under 20 U.S.C. § 1415(j), and cease and desist its practice of delaying acknowledgement of – or funding of -- pendency This injunction should ensure that each Plaintiff-Student's "last agreed-upon" placement is maintained without delay, as a matter of law;

b.  Implement Pendency Funding for each Student-Plaintiff's educational program in the ordinary course of business, without undue delay;

c.  Enforce Compliance with Final Orders of the FOFDs and Pendency Orders under 42 U.S.C. § 1983, by requiring the Defendants to immediately implement and adhere to all final, unappealed administrative orders, including the funding of the Student-Plaintiffs' tuition, related services, transportation, and any other provisions mandated by these orders;

d.  A determination that Plaintiffs are prevailing parties;

e.  Require Defendants to pay Plaintiffs' Costs and Attorneys' Fees associated with maintaining this action, including reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B), 42 U.S.C. § 1983, and 42 U.S.C. § 1988(b);

3.  Grant such other, further, and different relief as this Court may deem just, proper, and equitable, including compensatory education, damages where appropriate under the 42 U.S.C. § 1983 claims, and other equitable remedies.

Dated:  October 4, 2024
        New York, New York

Respectfully submitted,

 /s/
Mary Jo Whateley (mw9535)
Liberty & Freedom Legal Group
*Attorneys for Plaintiffs*
300 East 95th Street, Suite 130
New York, New York 10128
(646) 850-5035